IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TONY SHANE PETERS, | § | |
| TDCJ #710206, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-1190 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Tony Shane Peters (TDCJ #710206), also known as Boyd Brown, is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Peters has filed a petition for a federal writ of habeas corpus to challenge the result of two prison disciplinary convictions. The respondent has filed an answer, arguing that Peters is not entitled to relief. (Doc. # 4). Peters has filed more than one reply. (Docs.# 6, # 7). Peters has also requested leave to amend his petition. (Doc. # 8). After reviewing all of the pleadings, the administrative records, and the applicable law, the Court concludes that this habeas corpus case must be **dismissed** for reasons set forth below.

## I.      BACKGROUND

Peters is presently in custody as the result a felony conviction for burglary of a habitation that was entered against him on November 29, 1994, in cause number 651888.

A jury in the 180th District Court of Harris County, Texas, found Peters guilty as charged in that case and, after Peters admitted having two prior felony convictions, the trial court sentenced him to serve thirty years' imprisonment. The conviction was affirmed on direct appeal.[1]

Peters does not challenge his underlying conviction here. Instead, he challenges the result of two prison disciplinary proceedings lodged against him at the Terrell Unit in Rosharon, Texas, where he was formerly assigned.[2] The respondent has provided the disciplinary hearing reports, audiotapes of the proceedings, and grievance records associated with each case. (Doc. # 5). The disciplinary cases at issue are summarized briefly below based on these records.

### Disciplinary Case #20060077482

On November 16, 2005, officials at the Terrell Unit notified Peters that charges had been filed against him in disciplinary case #20060077482 for violating prison rules by fighting with another inmate, without a weapon. Officers conducting the count nearby observed the offenders fighting and, when they approached to break up the altercation, found Peters pinning the other offender by the arms onto a bunk. The fight resulted in injuries to

---

[1] *See Peters v. State*, No. 01-95-00018-CR, 1995 WL 623034 (Tex. App. — Houston [1st Dist.] Oct. 19, 1995, pet. granted); *Peters v. State*, No. 01-95-00018-CR, 1996 WL 496837 (Tex. App. — Houston [1st Dist.] Aug. 29, 1996, no pet.) (affirming on remand).

[2] Peters is now incarcerated at the Hightower Unit in Dayton, Texas, which is not within this district. Because his holding conviction for burglary of a habitation was entered in this district, however, this Court retains jurisdiction over the petition. *See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

Peters, who required first aid.  The record reflects that Peters lost a tooth during the altercation and sustained a laceration to his lower lip.[3]  The other inmate suffered no injuries.

Peters appeared at a disciplinary hearing with the assistance of a counsel substitute on November 17, 2005.  Peters entered a plea of "not guilty."  The disciplinary hearing officer found Peters guilty as charged based on the written report and testimony by the charging officer, who observed the fisticuff.  As a result of the disciplinary conviction, Peters lost his recreation and commissary privileges for forty-five days.  Peters was also placed in solitary confinement for fifteen days and reduced in classification status from S4 to L1.

Peters challenged the result of his disciplinary proceeding by filing a Step 1 grievance on November 21, 2005. The reviewing authority found no due process violation and noted that Peters's guilt was supported by a preponderance of the evidence.  Peters appealed further by filing a Step 2 grievance, which was denied on January 12, 2006.

### Disciplinary Case #20060154809

On February 7, 2006, officials at the Terrell Unit notified Peters that charges had been filed against him in disciplinary case #20060154809 for violating prison rules by fighting with another inmate, without a weapon, by striking the offender several times to the upper body and face with a closed fist.  This fight, which apparently involved the same offender that Peters fought with in disciplinary case #20060077482, did not result in any injuries.

---

[3]       At the subsequent disciplinary hearing held on February 10, 2006, Peters alleged that he lost three teeth as a result of his fight with this offender.  (Disciplinary Hearing Tape, #20060154809).

According to the record, several correctional officers witnessed the fight.  Each witness provided a written account of the incident.

Peters appeared at a disciplinary hearing with the assistance of a counsel substitute on February 10, 2006.  Peters entered a plea of "not guilty."  Peters argued that he was attacked by a gang-member who had assaulted him previously and that he was only fighting in self-defense.  The charging officer testified that he saw Peters hitting the other offender during the altercation.  On cross-examination by counsel substitute, the charging officer conceded that he did not see the start of the fight.  The charging officer testified, however, that Peters was actively involved in the fight and that he was striking the other offender, rather than just deflecting blows.

After considering all of the testimony, the disciplinary hearing officer found Peters guilty as charged based on testimony by the charging officer and witness statements from several other correctional officers who were present when the melee occurred.  As a result of the disciplinary conviction, Peters lost his recreation and commissary privileges for forty-five days.  Peters was also placed in solitary confinement for fifteen days and reduced in classification status from L2 to L3.  The disciplinary hearing officer further issued Peters a reprimand, noting that this was his third "major" case in the last six months, and forfeited one year (365 days) of previously earned credit for good conduct (*i.e.*, "good-time credit").

Peters challenged the result of his disciplinary proceeding by filing a Step 1 grievance on February 12, 2006.  The reviewing authority found no due process violation or abuse of

discretion and, therefore, no reason to overturn the conviction.  Peters appealed further by filing a Step 2 grievance, which was denied on April 5, 2006.

Peters now seeks a federal writ of habeas corpus to challenge both of his disciplinary convictions in case #20060077482 and #20060154809.  Noting that the same disciplinary hearing officer presided over both proceedings, Peters contends that he is entitled to relief for the following reasons:

1.  He was denied his right to a fair trial before a judge and jury of his peers because the disciplinary hearing officer was not a United States citizen and therefore not legally authorized to preside over the proceeding.

2.  He was denied due process and equal protection because the disciplinary hearing officer was not a United States citizen and was "possibly" wanted for crimes against humanity in his native country of Nigeria.

3.  He was denied due process and equal protection because the disciplinary hearing officer's employment was recently terminated due to his lack of United States citizenship and because he sexually assaulted a female correctional officer.

4.  He was denied due process and equal protection because, as a non-citizen, the disciplinary hearing officer had an inability to interpret democratic principles of law and constitutional rights applicable to Peters.

(Doc. # 1, *Petition*, at 7-8).  The respondent argues that Peters is not entitled to relief because he failed to exhaust available administrative remedies by presenting these claims properly during his appeal.  The respondent argues further that the pending federal habeas petition is barred by the governing one-year statute of limitation with respect to both of his disciplinary cases.  Alternatively, the respondent argues that Peters's claims do not merit relief.  Peters

5

maintains that he is entitled to relief.  He further seeks leave to amend his petition to add an assortment of new claims.  The Court will first address Peters's motion for leave to amend after discussing the claims raised in his original petition under the governing federal habeas corpus statutes.

## II.   DISCUSSION

### A.   Exhaustion of Available State Remedies

The respondent contends that the petition must be dismissed because Peters did not exhaust available state remedies with respect to any of his allegations.  Under the applicable federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C.  § 2254(b)(1)(A).  Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief."  *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)).  Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.  *See* 28 U.S.C. § 2254(b)(1)(B).

Texas prisoners are not required to present claims concerning disciplinary convictions to the state courts in a state habeas corpus application, because those claims are not cognizable on state habeas review. *See Ex parte Brager*, 704 S.W.2d 46, 46 (Tex. Crim. App. 1986). Instead, Texas prisoners who challenge the result of a disciplinary conviction must seek relief through the two-step TDCJ grievance process.[4] *Id.* In that regard, § 501.008 of the Texas Government Code requires inmates to fully exhaust the TDCJ administrative grievance process before resorting to court. If an inmate fails to do so, his claims may be dismissed for failure to exhaust administrative remedies. *See Ex Parte Stokes*, 15 S.W.3d 532, 533 (Tex. Crim. App. 2000).

Peters's habeas corpus petition is arguably governed by 28 U.S.C. § 2254. *See, e.g., Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) ("State prisoners who allege that they were improperly denied good-conduct credit that, if restored, would have resulted in their immediate or sooner release from prison, fall under § 2254.") (citations omitted). Courts in this Circuit have recognized that exhaustion of the prison grievance process is required in the disciplinary conviction context. *See, e.g., Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002) (holding that "the timely pendency of prison grievance procedures" tolls the statute of limitations for habeas corpus petitions found in 28 U.S.C. § 2244(d) because prisoners are

---

[4]     TDCJ currently provides a two-step procedure for presenting administrative grievances. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). In Step 1, the prisoner submits a grievance at the institutional level. *Id.* If the decision at Step 1 is unfavorable, Step 2 permits the prisoner to appeal "to the division grievance investigation with the . . . Texas Department of Criminal Justice." *Id.*

required to pursue administrative remedies); *Foley v. Cockrell*, 222 F. Supp. 2d 826, 829 (N.D. Tex. 2002) (holding that, "[b]ecause exhaustion of administrative grievance procedures is required, Petitioner is entitled to equitable tolling of the statute of limitations until the date that he completed the TDCJ administrative review process"). Although decisions about prison grievances are made by TDCJ, and not by "courts of the State," there is no valid reason that the exhaustion requirement found in 28 U.S.C. § 2254(b) should not also apply where a prisoner is required to pursue the administrative grievance process. *See Prieser v. Rodriguez*, 411 U.S. 475, 492 (1973) (pointing to the prison grievance process and noting that, because the "internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems").

The record shows that Peters did not present any of his claims in the grievances filed to appeal his November 2005 conviction in disciplinary case #20060077482. In the Step 1 grievance filed from the February 2006 conviction in disciplinary case #20060154809, Peters expressed "wonder" about whether the disciplinary hearing officer was a United States Citizen with authority to preside over a disciplinary proceeding, but objected primarily to his "arrogant, vindictive, malicious, imbecilic incompetence as a Judge." Peters raised none of his other claims in that grievance. More importantly, the Step 2 grievance filed in disciplinary case #20060154809 contains none of Peters's claims concerning the disciplinary hearing officer, his lack of citizenship, or his lack of authority.

A prisoner must complete both steps of the grievance process to satisfy the exhaustion requirement.  *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).  Because Peters did not complete both Step 1 and Step 2 of the grievance process with respect to all of his claims, it is apparent that he has failed to present all of the claims in his federal habeas corpus petition to state authorities by fully exhausting the prison grievance process.  Peters has filed more than one reply to the respondent's answer.  Peters does not dispute that he failed to exhaust his administrative remedies with respect to the claims raised in his original petition and he has offered no reason for his failure to present these claims properly during the grievance process.  It follows that dismissal of this federal habeas corpus proceeding is warranted for lack of exhaustion.

**B.    One-Year Statute of Limitations**

Alternatively, the respondent argues that the petition is barred by the one-year statute of limitations. According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

9

(B)     the date on which the impediment to filing an application
created by State action in violation of the Constitution or laws
of the United States is removed, if the applicant was prevented
from filing by such State action;

(C)     the date on which the constitutional right asserted was initially
recognized by the Supreme Court, if the right has been newly
recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of
due diligence.

28 U.S.C. § 2244(d)(1).  Because the pending petition was filed well after April 24, 1996,

the one-year limitations period clearly applies.  *See Flanagan v. Johnson*, 154 F.3d 196, 198

(5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

In this case, the statute of limitations for federal habeas corpus review began to run

pursuant to 28 U.S.C. § 2244(d)(1)(D), from "the date on which the factual predicate of the

claim or claims presented could have been discovered through the exercise of due diligence."

The disciplinary conviction in case # 20060077482 was entered against Peters on November

17, 2005.  That date triggered the statute of limitations, which expired one-year later on

November 17, 2006.  *See Kimbrell v. Cockrell*, 311 F.3d 361, 363 (5th Cir. 2002) (holding

that the one-year statute of limitations begins to run on the date the disciplinary conviction

was entered).  The disciplinary conviction in case #20060154809 was entered against Peters

on February 10, 2006, meaning that the one-year statute of limitations for this case expired

on February 10, 2007.  Peters's pending petition, signed by him on April 4, 2007,[5] is late
with respect to both of the challenged disciplinary cases.

Peters, who has filed more than one reply to the respondent's answer, does not dispute
that his petition is untimely.  Peters offers no explanation for his delay in seeking federal
habeas review and the record discloses no statutory or equitable basis to toll the limitations
period in this instance.  The disciplinary conviction entered against Peters on November 17,
2005, in case #20060077482 is clearly time-barred.  Peters's challenge to his conviction in
case #20060154809, entered against him on February 10, 2006, is also untimely.  Because
Peters did not raise any of his claims in properly filed grievance, he is not entitled to any
tolling for the administrative appeals process in this instance.  *See Kimbrell*, 311 F.3d at 364.
Because the pleadings and the record evince no basis for tolling the prescriptive period, the
Court concludes that the petition is barred by the statute of limitations.  Alternatively, the
Court finds that the petition is without merit for reasons set forth briefly below.

## C.    Merits - Peters Fails to State a Valid Claim

Peters seeks a federal writ of habeas corpus in this instance from two prison
disciplinary cases.  In one of those disciplinary convictions, Peters forfeited a year's worth
of good-time credit.  The respondent argues that the petition must be dismissed because

---

[5]     The Clerk's Office received the petition on April 6, 2006, but the petition is dated April 4,
2006, indicating that Peters placed his pleadings in the prison mail system on that date.  For
statute of limitations purposes, courts in this Circuit treat the date a *pro se* prisoner deposits
a federal habeas corpus petition in the mail as the filing date.  *See Fisher v. Johnson*, 174 F.3d
710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per
curiam)), *cert. denied*, 531 U.S. 1164 (2001).

11

Peters has failed to state a valid claim for relief from either one of the disciplinary convictions that he challenges.

The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness").  To prevail, a habeas corpus petitioner must establish a constitutional violation.

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[6]  *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest.  *See Sandin v. Conner*, 515 U.S. 472 (1995).  Liberty interests emanate from either the Due Process Clause itself or from state law.  *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).  A convicted prisoner does not have a constitutional

---

[6]    Peters alleges in his petition that he was also denied equal protection during both of his disciplinary proceedings.  Peters does not allege or show that he was treated differently from any other similarly situated prisoner.  Accordingly, he does not articulate an equal protection violation.  *See, e.g., Johnson v. Rodriguez*, 110 F.3d 299, 306-07 (5th Cir.) (noting that, to state an equal protection claim, a plaintiff must demonstrate that the State created two or more classifications of similarly situated prisoners that were treated differently), *cert. denied*, 522 U.S. 995 (1997).

right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Likewise, the Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Absent a showing that his disciplinary conviction has implicated a constitutionally protected interest, a prisoner's due process claim depends on the existence of an interest created by state law.

The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good-time credits that they have earned. *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). The petitioner's claims are addressed below in connection with the sanctions imposed in order to determine whether the punishment implicates the Due Process Clause in this instance.

### 1.   Loss of Privileges, Solitary Confinement, Reduced Status

As a result of his November 2005 disciplinary conviction in case #20060077482, Peters lost recreational and commissary privileges for forty-five days, spent fifteen days in solitary confinement, and was reduced in classification status from S4 to L1.  As a result of his February 2006 disciplinary conviction in case #20060154809, Peters lost recreational and commissary privileges for forty-five days, spent fifteen days in solitary confinement, and was further reduced in classification status to L3.  Peters also received a verbal reprimand.

None of these sanctions implicate a liberty interest of the sort protected by the Due Process Clause.  According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life.  *See id*.  The Fifth Circuit has also decided that reductions in a prisoner's class status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause.  *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996).  Because a protected liberty interest is not implicated by the above-referenced sanctions, Peters cannot show that he is entitled to habeas corpus relief from these forms of punishment.

### 2.    Claims Concerning Lost Good-Time Credits

As a result of Peters's February 2006 disciplinary conviction in case #20060154809, prison officials revoked one year (365 days) of previously earned good-time credit.[7]   A challenge to the loss of good-time credits generally requires a separate analysis.   *See Madison*, 104 F.3d at 768.   When a state creates a right to time credit for good conduct, however, and recognizes that its revocation is an authorized sanction for misconduct, "a prisoner's interest therein is embraced within the Fourteenth Amendment 'liberty' concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated."   *Madison*, 104 F.3d at 768 (citing *Wolff*, 418 U.S. at 557).

Texas law provides that good-time credits apply only to eligibility for release on parole or mandatory supervision and do not affect the length of an inmate's sentence.   *See* TEX. GOV'T CODE ANN. § 498.003; *Ex parte Montgomery*, 894 S.W.2d 324, 328 (Tex. Crim. App. 1995).   The United States Supreme Court has recognized that the states have no duty to establish a parole system and that there is no constitutional right to be released on parole before the expiration of a valid sentence.   *See Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987) (explaining that "statutes or regulations that provide that a prole board 'may' release an inmate on parole do not give rise to a protected liberty interest"); *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 11 (1979) (holding that a statute which "provides no

---

[7]      Peters did not lose any good-time credit as a result of the other disciplinary conviction at issue in case #20060077482.

15

more than a mere hope that the benefit will be obtained . . . is not protected by due process"). In light of this authority, the Fifth Circuit has recognized that the Texas parole statutes create no constitutional right to release on parole because they encourage no expectancy of early release. *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir.), *cert. denied*, 454 U.S. 854 (1981) (Texas parole statute does not create a protectable expectancy of release, as recognized in *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979), but rather creates nothing more than a hope of parole); *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993) (same); *Creel v. Keene*, 928 F.2d 707, 712 (5th Cir.), *cert. denied*, 501 U.S. 1210 (1991) (same). State prisoners in Texas "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir.), *cert. denied*, 522 U.S. 995 (1997). Therefore, any allegation that the disciplinary conviction has thwarted the petitioner's early release on parole does not establish a due process violation.

Because Peters cannot demonstrate a due process violation in connection with any delayed release on parole, he can only establish a basis for federal habeas corpus relief if the good-time credit sanction implicated a protected liberty interest in his early release on mandatory supervision. In Texas, mandatory supervision is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5). It is undisputed that Peters is eligible for mandatory supervision. To the extent that Peters had a liberty interest in good-time credit accrued toward his potential early release on mandatory supervision, the revocation of those credits must comply with the minimum amount of

16

procedural protection required under the circumstances. *See Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985); *Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court considered the minimum level of due process required in the prison disciplinary context.  In doing so, the Supreme Court recognized that prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." *Id.* at 561.  Because prison disciplinary hearings are "not part of a criminal prosecution," the Court reasoned that "the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556 (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)).  The minimum amount of procedural due process required for prison inmates under these circumstances includes: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *See Wolff*, 418 U.S. at 563-67.

The petition filed by Peters does not complain that he received insufficient notice of the charges, an inadequate opportunity to call witnesses and present evidence, or a written statement of the reason for his conviction.  (Doc. # 1, *Petition* at 7-8).  The Court has reviewed the written records associated with both disciplinary proceedings in case #20060077482 and #20060154809, and the disciplinary hearing tapes submitted by

respondent.  These records show that prison officials afforded all of the above-referenced minimum requirements of due process in both cases.  The Court notes further that the charging officer in each case testified at the respective disciplinary hearing.  In each case, the charging officer stated that he observed Peters engaging in a fight with another offender in violation of prison rules.  Thus, in addition to the procedural safeguards articulated in *Wolff*, it further appears that both disciplinary convictions are supported by sufficient evidence as required by due process in the prison disciplinary context.  *See Hill*, 472 U.S. at 457; *Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001).  The claims made by Peters in his original petition do not show otherwise, nor do the allegations presented in the proposed amended petitions.

In summary, Peters does not dispute that his claims are unexhausted and untimely under the applicable federal habeas corpus statutes.  Peters has further failed to allege or show that he was punished at either one of his disciplinary proceedings in violation of the Due Process Clause.  For all of the reasons set forth above, Peters has failed to demonstrate that he is entitled to a federal writ of habeas corpus.  Accordingly, the petition must be dismissed.

### D.    Peters's Motion for Leave to Amend

The respondent filed an answer in this case on July 24, 2007.  (Doc. # 4).  Thereafter, Peters filed a reply and a supplemental reply to the respondent's answer.  (Docs. # 6, # 7).  Now, in a motion dated September 9, 2007, Peters seeks leave to amend his original petition under Rule 15(a) of the Federal Rules of Civil Procedure.  (Doc. # 8).  Along with that

motion, Peters encloses two amended petitions which raise a litany of new claims.  One amended petition addresses the conviction in case # 20060077482.  A separate amended petition addresses the conviction in case # 20060154809.

The motion for leave to amend filed by Peters is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides as follows:

> A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party;  and leave shall be freely given when justice so requires.

FED. R. CIV. P. 15(a).  Because the respondent has already filed an answer in response to the original petition in this case and has not consented to the amendment, Peters requires permission to amend in this instance.  The decision whether to grant or deny a request for leave to amend is a matter vested within the district court's discretion. *See Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999).

When considering a permissive motion for leave to amend, the district court may consider "undue delay, bad faith or dilatory motive on the part of the movant," as well as "undue prejudice to the opposing party by virtue of allowance of the amendment," as reasons to deny leave to amend. *See Foman*, 371 U.S. at 182.  The amended petitions filed by Peters raise a host of new due process claims that could have and should have been presented previously in his original petition.  Peters provides no explanation for his failure to raise

these claims previously and no justification for his decision to delay an amendment until after the respondent filed his answer in this case.[8]

Because the respondent has already answered the original petition, allowing the proposed amendment would unquestionably cause prejudice, additional delay, and the expenditure of more scarce resources. Moreover, the record reflects that Peters has failed to serve his motion for leave to amend, and his proposed amended petitions, on the respondent. Contrary to the Court's specific instructions to both parties in this case, neither the motion nor the proposed new pleadings contain a certificate of service showing that Peters provided copies to the respondent or his counsel of record.[9] Because Peters has clearly disregarded these instructions, allowing an amendment at this late date would not only result in undue prejudice to the respondent but would also unjustly reward Peters for his failure to comply with Court orders.

---

[8]     The Court notes that, although he is a prisoner who proceeds *pro se*, Peters is not a novice. Court records show that, while incarcerated, Peters has filed more than ten lawsuits, including three other federal habeas corpus proceedings. Of these lawsuits, at least three civil rights actions or appeals have been dismissed as frivolous. *See Peters v. Commissioners Court*, No. 97-21011 (5th Cir. Aug. 28, 2000); *Peters v. Klevenhagen*, Civil No. 4:91-3848 (S.D. Tex. May 31, 1993); *Peters v. Southwestern Bell*, Civil No. 4:91-3851 (S.D. Tex. Feb. 14, 1994). As a result of Peters's history of filing frivolous lawsuits, another case filed by Peters has been dismissed as barred by 28 U.S.C. § 1915(g). *See Peters v. Ford*, Civil No. 4:06-901 (S.D. Tex. March 21, 2006).

[9]     The Court ordered that all pleadings filed in this case must be served on the other party and contain a signed certificate "stating that a true and correct copy of the pleading or document was mailed and to whom it was mailed." (Doc. # 3, *Order to Answer*, ¶ 5). In that order, the Court specifically warned that "any document received by the Clerk which fails to include the certificate of service will be returned to the submitting party." (*Id.*).

20

In addition, for reasons discussed in more detail above, Peters is not entitled to relief from his November 2005 disciplinary conviction in case # 20060077482, because the original petition is clearly untimely.  Moreover, the conviction in case # 20060077482 did not result in any sanctions that implicate a protected liberty interest under the Due Process Clause.  The proposed amended petition challenging disciplinary case #20060077482 does not cure any of these deficiencies.  Likewise, even if timely, the conclusory allegations made in Peters's other proposed petition ultimately fail to establish that the February 2006 disciplinary conviction in case #20060154809 was entered without due process.  Therefore, it would be futile to allow the proposed amendment in either case.  *See J.R. Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (citations omitted) (holding that an amendment is considered futile if the amended complaint would fail to state a claim upon which relief could be granted).  For all of these reasons, the motion for leave to amend (Doc. # 8) will be denied.

## III.    CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253.  Therefore, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability,

an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S.

322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial

showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a

petitioner to demonstrate "that reasonable jurists would find the district court's assessment

of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282

(2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).   Under the controlling

standard, this requires a petitioner to show "that reasonable jurists could debate whether (or,

for that matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were 'adequate to deserve encouragement to proceed further.'"

*Miller-El*, 537 U.S. at 336.   Where denial of relief is based on procedural grounds, the

petitioner must show not only that "jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right," but also that they "would

find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529

U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring

further briefing or argument.   *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

After careful review of the pleadings and the applicable law, the Court concludes that jurists

of reason would not debate whether the petitioner has stated a valid claim or whether any

procedural ruling in this case was correct.   Accordingly, a certificate of appealability will not

issue in this case.

IV.    **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1.    The petitioner's motion for leave to amend (Doc. # 8) is **DENIED**.

2.    The federal habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

3.    A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on September 28, 2007.

Nancy F. Atlas
United States District Judge